# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Santos Marleny Vega-Del Roquel  )
Karla Roquel-Vega  )
Diego Roquel-Vega  )
    Plaintiff(s)  )
    )
        v.  )
    )
William Barr, US Attorney General  )
James McHenry, EOIR Director  )
David H. Wetmore, Chief Appellate  )
Immigration Judge  )
    )
    Defendants  )

## PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Law Offices of Stephan A Lagana
Stephen A. Lagana, Esq.
145 Essex Street
Lawrence, MA 01840
978-794-2331
Lagana.law@Gmail.com

## TABLE OF CONTENTS

INTRODUCTION .................................................. 1

JURISDICITON .................................................. 2

VENUE & PARTIES ............................................... 3

FACTS ......................................................... 4

ARGUMENT ...................................................... 7

   I.   Plaintiffs Have a Clear Right to Relief Sought ..... 8

   II.  The Defendants Have a Clear Duty
       to do the Act in Question .......................... 9

   III. Plaintiffs Have No Other
       Adequate Remedy Available .......................... 11

PRAYER FOR RELIEF ............................................. 13

EXIBHITS ...................................................... 13

   I.    EXHIBIT A ........................................ 14

   II.   EXHIBIT B ........................................ 16

   III.  EXHIBIT C ........................................ 17

   IV.   EXHIBIT D ........................................ 18

   V.    EXHIBIT E ........................................ 19

   VI.   EXHIBIT F ........................................ 20

   VII.  EXHIBIT G ........................................ 27

   VIII. EXHIBIT H ........................................ 39

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                )
Santos Marleny Vega-Del Roquel  )
Karla Roquel-Vega               )
Diego Roquel-Vega               )
     Plaintiff(s)               )
                                )
          v.                    )
                                )
William Barr, US Attorney General )
James McHenry, EOIR Director    )
David H. Wetmore, Chief Appellate )
Immigration Judge               )
                                )
     Defendants                 )
_____ )
```

# PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

## A. INTRODUCTION

This Mandamus raises the issues of jurisdiction between the Immigration Court and the Board of Immigration Appeals, (BIA), under the Executive Office of Immigration Review, (EOIR). The Plaintiffs are a family from Guatemala, Mother and her two children. The Mother is the Lead Respondent before the Immigration Court, her two children are Riders in the removal proceedings. During these Proceedings, all three family members were listed together on the hearing notices. However, on the Notice of Decision issued by the Clerk of the Immigration Court,

Page **1** of **13**

only the Lead Respondent, the Mother, was named. An appeal was timely filed on behalf of the Lead Respondent, the Mother.

A dispute commenced between the Administrative Agencies; the Immigration Court held that Appellate Jurisdiction for the family existed at the BIA, and the BIA held that no Jurisdiction existed for the children, the Riders in the Removal Proceedings. This Mandamus follows:

### B. JURISDICTION

Jurisdiction is granted to the United States District Court pursuant to **28 U.S.C. § 1331**, Federal Questions; **28 U.S.C. § 2201**, Declaratory Judgment Act; **5 U.S.C. § 702**, Administrative Procedures Act; **28 U.S.C. § 1361**, Mandamus and Venue Act, to compel an officer of the United States to perform his duty; this section grants federal jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. **Morgovsky v. DHS**, 517 F.Supp.2d 581, 584(Mass.D. 2007). Traditional mandamus is available to correct a clear usurpation of judicial power. **Grinnell Corp. v. Hackett**, 519 F.2d 595, 599 (1st Cir. 1975).

## C. VENUE

**28 U.S.C. § 1391(e)**, as amended, provides that in a civil action in which each Defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district which a defendant in the action resides. The Plaintiff resides in the Commonwealth of Massachusetts, and the Defendants, the Department of Justice, et al., are agencies that operate within this district.

## D. PLAINTIFFS

The Plaintiffs, Santos Marleny Vega-Del Roquel, A#208-294-278, Karla Roquel-Vega, A#208-294-279, Diego Roquel-Vega, A#208-294-280, are natives and citizens of Guatemala. Ms. Santos Marleny Vega-Del Roquel filed Form I-589, Application for Asylum and for Withholding of Removal, listing Karla Roquel-Vega and Diego Roquel-Vega as her children and direct beneficiaries in her asylum application.

## E. DEFENDANTS

The Defendant is William P. Barr, Attorney General of the United States, and head of the Department of Justice (DOJ) and

responsible for the various agencies operating under the DOJ. The Executive Office of Immigration Review (EOIR) is an agency that operates under the DOJ.

The Defendant James McHenry is the Director of the Executive Office of Immigration Review (EOIR) an agency directly under the DOJ which reports directly to AG Barr. The EOIR is responsible for the adjudication of all immigration matters.

The Defendant David H. Wetmore, Chief Appellate Immigration Judge of The Board of Immigration Appeals (BIA). The BIA operates within the EOIR. The BIA is the Appellate Court of all Immigration matters on Appeal from the Immigration Court.

AG Barr is responsible for the enforcement of the Immigration laws of the United States within these agencies. Director McHenry and Chief Justice Wetmore are responsible for the operations of their respective agencies.

**F. FACTS**

1. On June 3, 2015 Plaintiffs entered the United States at or near Laredo Texas. All three individuals were served with Notices to Appear before an Immigration Judge of the United States Department of Justice at JFK Federal Building 15 New Sudbury Street, Room 320, Boston, MA 02203 with date and time to be determined.

2. The Boston Immigration Court served multiple Notices of Hearing Dated December 23, 2015 notifying Plaintiffs of their master hearing scheduled for January 26, 2016. **See Exhibit A**

3. The second notice of hearing was scheduled for May 25, 2016. On this notice the children's A#'s were hand-written in on the Notice of Hearing. **See Exhibit B**

4. At the completion of the May 25, 2016 hearing, the Immigration court scheduled a hearing for November 23, 2016, serving one Notice of Hearing listing Marleny Santos Vega-del Roquel A#208-294-278 as the Lead and her two children, Karla Roquel-Vega A#208-294-279 and Diego Roquel-Vega A#208-294-280, as Riders. Only one notice was provided since all three immigration matters were consolidated. **See Exhibit C**

5. On November 23, 2016, the Immigration Court scheduled the final hearing for March 15, 2018, serving one Notice of Hearing with all three respondents. The Lead, Santos Vega-del Roquel A#208-294-278 and the children, Karla Roquel-Vega A#208-294-279 and Diego Roquel-Vega A#208-294-280, as the Riders. **See Exhibit D**

6. The Plaintiffs completed their Merits hearing on March 15, 2018.

7. On March 196, 2018 the Immigration Court served a Notice of Decision on behalf of the Lead, Santos Marleny Vega-del Roquel A#208-294-278, failing to include the Riders, Karla Roquel-Vega A#208-294-279 and Diego Roquel-Vega A#208-294-280, were not listed. **See Exhibit E**

8. An appeal was filed with the BIA on or about April 10, 2018. **See Exhibit F**

9. On July 31, 2019, a motion to reopen with the Immigration court was filed on behalf of the "Riders". The Immigration court declined jurisdiction because the matter was befor the BIA. **See Exhibit G**

10. On May 22, 2020, this office received a Decision from U.S. Citizenship and Immigration Services, (USCIS) regarding Karla Roquel Vega, one of the Riders. **See Exhibit H**

11. USCIS stated that "*A review of the record shows that you filed form I-589, Application for Asylum and for Withholding of Removal, on February 10, 2016 with the Immigration Courts. Your Application was denied on March 15, 2018, and* **you filed an appeal with the BIA on April 11, 2018 that is currently pending.**" See Exhibit H

## G. ARGUMENT

The purpose of the writ of mandamus is to compel a public official to perform a ministerial duty. Although in the Nineteenth Century the writ of mandamus was extremely restricted in availability, the passage of the Mandamus and Venue Act of 1962, **28 U.S.C.A. § 1361** (the "Mandamus Act"), gave all federal district courts jurisdiction to grant mandamus relief. The U.S. courts of appeals are also empowered to award writs of mandamus under the All Writs Act, **28 U.S.C.A. § 1651**.

Generally speaking, before the writ of mandamus may properly issue three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; **8 CFR § 1003.1 (b)** and (3) no other adequate remedy available. **Carter v. Seamans**, 411 F.2d 767, 773 (5th Cir. 1969) See. **In re Stone**, 118 F.3d 1032, 1034 (5th Cir. 1997) *"Mandamus is reserved for extraordinary circumstances.* **Kerr v. United States Dist. Ct.**, *426 U.S. 394, 403, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). See also* **Allied Chemical Corp. v. Daiflon, Inc.**, *449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)."* See **Morgovsky v. DHS**, 517 F.Supp.2d 581, 584(Mass.D. 2007.) **Grinnell Corp. v. Chamber of Commerce, U.S.A**, 519 F.2d 595, 599 (1st Cir. 1975). **Heckler v. Ringer**, 466 U.S. 602, 616, 104 S.

Ct. 2013, 2022, 80 L. Ed. 2d 622, (1984) *"The common-law writ of mandamus, as codified in **28 U.S.C. § 1361**, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."*

I.  **PLAINTIFFS HAVE A CLEAR RIGHT TO RELIEF SOUGHT**

In this matter the Plaintiffs had a right to an appeal **8 CFR § 1003.1 (b);** it is clear and certain. The final notice issued by the Clerk of the Immigration Court states, *"This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision."* <u>Carter</u>, **at 773;** <u>In re Stone</u>, **at 1034;** <u>Kerr</u> **at 403 (1976); 8 CFR § 1003.1 (b).** <u>Heckler</u>, **at 616, (1984).** The relief sought is for the BIA to exercise the Appellate Jurisdiction over the Plaintiffs.

The Plaintiffs matter was heard on March 15, 2018. The hearing was for the Lead and the two Riders. Plaintiffs received a Notice of Decision from the Clerk of the Immigration Court with the name of the Lead only. Consequently, a Notice of Appeal was filed with the Clerk's Office of the Board of Immigration Appeals in the exact format as was contained by the Immigration Court Notice of Decision.

Unfortunately for the Plaintiffs each administrative body erred; first the immigration court erred by only including the name of the lead respondent in the Notice of Decision. **See Exhibit E**. Also, the immigration court erred in refusing jurisdiction holding that an appeal with the BIA was filed and jurisdiction for any motion to reopen remained at the board. Similarly, the BIA erred by failing to accept appellate jurisdiction on behalf of the riders when a properly filed Notice of Appeal was filed with the Clerk of Courts on behalf of Lead Respondent. **See Exhibit F**. In addition, the BIA erred in communicating to a 3d party Federal Administrative Agency, United States Citizenship and Immigration Services, (USCIS), that an appeal was pending for the riders when in fact they ultimately decided that they had not. **See Exhibit H**

II. **THE DEFENDANTS HAVE CLEAR DUTY TO DO THE ACT IN QUESTION**

The Plaintiffs must demonstrate a clear duty of the defendants to act. Plaintiffs allege that there are two alternative acts in this matter. First, the BIA failed to act by exercising jurisdiction over the Plaintiffs, Karla Roquel-Vega A#208- 94-279 and Diego Roquel-Vega A#208-294-280 upon the filing of the Notice of Appeal under the Lead Plaintiff. **8 CFR § 1003.1 (b); Haoud v. Ashcroft**, 350 F.3d 201, 205 (1st Cir.

2003) "*The Board "has the **duty** to follow its own federal regulations." Nelson v. INS, 232 F.3d 258, 262 (1st Cir.2000); see also Saakian v. INS, 252 F.3d 21, 25-27 (1st Cir.2001). **Failure to do so can result in the reversal of an agency order and a new hearing.** Id."*

The second duty to act was as a result of the Immigration Court failure to exercise its jurisdiction on a motion to reopen where court records indicated an appeal at the BIA was pending.

Plaintiffs initially had separate matters at the Immigration Court, but Immigration Court through counsel had their separate matters consolidated into one case in which the Lead, Santos Marleny Vega-del Roquel A#208-294-278 and the Riders, Karla Roquel-Vega A#208- 94-279 and Diego Roquel-Vega A#208-294-280 were heard together. The Plaintiffs had several hearings with the Immigration Court in which the Court issued Notices of Hearings with all three Plaintiffs.

The Immigration Court held a Merits Hearing on March 15, 2018 for all three Plaintiffs. **See Exhibit D.** Once the IJ decided, the Clerk of the Immigration Court issued a Notice of Decision. **See Exhibit E.** This Notice of Decision only had the name of the Lead, Santos Marleny Vega-del Roquel A#208-294-278.

A Notice of Appeal was filed with the BIA on April 10, 2018, in the exact format as was contained by the Immigration Court Notice of Decision **See Exhibit F**. Once the Plaintiffs file their Notice of Appeal with the BIA, the BIA has appellate Jurisdiction over the Plaintiffs; the Jurisdiction is not discretionary. The BIA duty is clear, non-discretionary and plainly described to be free from doubt. **See. 8 CFR § 1003.1 (b)** Haoud, **at 205 (1st Cir. 2003)**

### III.     PLAINTIFFS HAVE NO OTHER ADEQUATE REMEDY AVAILABLE

The Plaintiffs has exhausted all administrative remedies. Morgovsky, at 584(Mass.D. 2007.) **Grinnell Corp.**, at 599 (1st Cir. 1975). Heckler, at 616, 1984). As stated in the final Notice issued by the Clerk of the Immigration Court states, *"final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days"*.

If an appeal is not filed within the 30 days, **See Exhibit F**, the Plaintiffs only other option would be to file a Motion to Reopen with the Immigration Court on grounds of "Lack of Notice", "change in Circumstances", "Ineffective Assistance of Counsel", "Extreme Hardship to Respondent's Spouse/USC Children", and "Change in Country Conditions". None of the grounds apply to the Plaintiffs. However, a Motion to Reopen

was filed with the Immigration Court; the Court did not accept the filing and stated that the Jurisdiction lies with the BIA. **See Exhibit G**

Therefore, the Riders have lost their right to an appeal and no other Administrative Remedy exists to provide relief to Plaintiffs. Plaintiffs cannot file an Appeal with the BIA or a Motion to Reopen with the Immigration Court because of the confusion over which judicial institution has Jurisdiction over the Plaintiffs matter.

The Plaintiffs now face removal from the United States. The "Riders" lost their opportunity to file their appeal within the 30 days. The BIA's failure to exercise their Appellate Jurisdiction duty over all three Plaintiffs prejudiced the "Lead's" Santos Marleny Vega-del Roquel A#208-294-278 Appeal because her children were excluded from the appeal the Lead's record for Appeal was incomplete, prejudicing her Appeal.

As a result, the Plaintiffs were unable to exercise their right to an appeal because of the failure of the BIA to exercise jurisdiction of all Respondents. Had the BIA performed its ministerial duty all members would have exercised their Appeal Rights.

**Wherefore,** the Plaintiffs prays that this Honorable Court will:

(1) Assume Jurisdiction over this action.

(2) Enter an order that will require the BIA to exercise Jurisdiction over the Plaintiffs.

(3) Order Defendants to reinstate the Appeal so that the merits of the case can be heard for all Respondents

(4) Compel the Defendants and those acting under them to perform their duty to properly and with the proper notification to refer this case to the Immigration Court pursuant to her statutory and regulatory rights

(5) Grant such other and further relief as this Honorable Court deems proper under the circumstances.

Respectfully submitted,

_____ 6/11/2020
Stephen A. Lagana, Esq.
145 Essex Street
Lawrence, MA 01840