United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Santos Marleny Vega-Del Roquel, et al., | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) ) | Civil Action No. 20-11120-NMG |
| William Barr, et al., | ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs seek a writ of mandamus requiring the Board of Immigration Appeals ("BIA"), an agency of the United States Department of Justice, to exercise jurisdiction over the immigration matters of plaintiffs Karla Roquel-Vega ("Karla") and Diego Roquel-Vega ("Diego"), both of whom are children of Santos Marleny Vega-Del Roquel ("Vega-Del Roquel"). Pending before the Court is the defendants' motion to dismiss.

I. <u>Background</u>

The plaintiffs are immigrants from Guatemala who entered the United States illegally in June, 2015. The Department of Homeland Security initiated separate removal proceedings against each of the plaintiffs in Boston, Massachusetts but the cases

-1-

were subsequently consolidated with Vega-Del Roquel, the mother, as Lead Respondent, and Karla and Diego as Riders.

In March, 2018, after a series of hearings, the presiding Immigration Judge ("IJ") entered a decision denying the plaintiffs' relief from removal, listing all three plaintiffs on the decision. The Notice of Decision sent to the plaintiffs, however, named only Vega-Del Roquel. Counsel subsequently filed a timely appeal with the BIA in April, 2018 on behalf of Vega-Del Roquel but not Karla or Diego.

In July, 2019, counsel filed a motion to reopen the removal proceedings with the IJ on behalf of Karla and Diego, seeking a re-issuance of the IJ's March, 2018 decision so that they too could appeal the decision to the BIA. According to the plaintiffs, the IJ rejected the motion because the immigration court lacked jurisdiction due to the pending appeal of Vega-Del Roquel. Counsel also received a decision from United States Citizenship and Immigration Services ("USCIS") in May, 2020 denying Karla's application for employment authorization in which USCIS referenced Karla's pending BIA appeal filed in April, 2018.

Plaintiffs seek a writ of mandamus compelling BIA to exercise jurisdiction over all plaintiffs and to reinstate Vega-Del Roquel's appeal on behalf of all plaintiffs.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). The Court must also accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although a court must accept as true all factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In opposing a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). If the defendant mounts a "sufficiency challenge," the court will assess the sufficiency

of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). A plaintiff cannot assert, however, a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (internal citations and quotations omitted).

### B. Application

With the "jurisdiction-channeling provision," Gicharu v. Carr, 983 F.3d 13, 16 (1st Cir. 2020), of the Immigration and Nationality Act (INA), as amended by the REAL ID Act of 2005, Congress unambiguously abrogated the authority of federal district courts on "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). See also 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter"). In other words:

>enactment of the Real ID Act . . . in the plainest of
>language, deprives the district courts of jurisdiction
>in removal cases.

Compere v. Riordan, 368 F.Supp.3d 164, 170-171 (2019), quoting Ishak v. Gonzales, 422 F.3d 22, 27-28 (1st Cir. 2005). Under this statutory scheme:

>the sole and exclusive means for judicial review of an
>order of removal [is] a petition for review filed with
>an appropriate court of appeals.

8 U.S.C. § 1252(a)(5).

Plaintiffs contend that these provisions are inapplicable because they seek enforcement of a duty owed, rather than a review of the order of removal, and that the broad authority granted to federal district courts under the Mandamus and Venue Act, 28 U.S.C.A. § 1361, governs. See id. ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

This logic is tenuous. As the First Circuit Court of Appeals has repeatedly articulated, § 1252(b)(9) is:

>designed to consolidate and channel review of all
>legal and factual questions that arise from the
>removal of an alien into the administrative process,
>with judicial review of those decisions vested
>exclusively in the courts of appeals.

Gicharu, 983 F.3d at 16, citing Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007). Only claims that are not related in any way to the removal process are beyond the scope of this proviso and therefore within the jurisdiction of federal district courts. Aguilar, 510 F.3d at 11. Contrary to the plaintiffs' contention, this prohibition extends well beyond claims that seek direct review of an order of removal. Similar to claims of insufficient service and ineffective counsel, the BIA's appellate jurisdiction is well-defined, see 8 C.F.R. § 1003.1(b), and "inextricably intertwined with the administrative process that Congress so painstakingly fashioned." Gicharu, 983 F.3d at 17, citing Aguilar, 510 F.3d at 13 (finding federal district court lacked subject matter jurisdiction over claims of insufficient service and ineffective assistance of counsel stemming from removal proceedings under INA). For these reasons, this Court lacks subject matter jurisdiction over the plaintiffs' claim.

Notwithstanding the sympathy evoked by the plaintiffs' situation, it would be a dereliction of this Court's duty to enforce the law if it were to issue the requested writ. Such action would be directly contrary to congressional efforts to simplify what it saw as "bifurcated and piecemeal" review of

orders of removal. Ishak v. Gonzales, 422 F.3d 22, 28 (1st Cir. 2005), quoting H.R. Conf. Rep. No. 109-72, at 173-75 (2005). The conclusion that this Court lacks subject matter jurisdiction in this case obviates the need to address the question of whether a writ should be entered.

## ORDER

Accordingly, defendants' motion to dismiss (Docket No. 10) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 25, 2021